NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NEGOTIATED DATA SOLUTIONS, LLC,**
*Plaintiff-Appellee,*

v.

**DELL, INC,**
*Defendant-Appellee.*

v.

**JONATHAN LEE RICHES,**
*Movant-Appellant.*

---

2012-1450

---

Appeal from the United States District Court for the Eastern District of Texas in case no. 06-CV-0528, Magistrate Judge Charles Everingham.

Before LOURIE, SCHALL and DYK, *Circuit Judges.*

PER CURIAM.

## ORDER

The court considers whether to dismiss Jonathan Lee Riches's appeal for lack of jurisdiction.

On April 27, 2009, Riches filed a motion to intervene. On July 13, 2009, the United States District Court for the Eastern District of Texas dismissed the underlying patent

case with prejudice.[*]  Riches' motion to intervene is deemed denied on the date the district court dismissed the case.  *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981) *cert. denied*, 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981) ("The denial of a motion by the district court, although not formally expressed, may be implied by the entry of final judgment (which is in effect an overruling of pending pretrial motions) or of an order inconsistent with the granting of the relief sought by the motion.").

Riches' notice of appeal was received at the court on June 7, 2012, 1060 days after dismissal of the case.  Any notice of appeal should have been filed within 30 days of the district court's dismissal order.  *See* Fed. R. App. P. 4(a)(1)(A) ("[T]he notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").  Because this appeal was filed outside the statutory deadline for taking an appeal to this court, we must dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

AUG 0 3 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 0 3 2012

JAN HORBALY
CLERK

---

[*] Because the underlying complaint asserted patent infringement claims, this court would otherwise have jurisdiction.  *See* 28 U.S.C. § 1295(a)(1); *Christiansen v. Colt Industries Operating Corp*, 486 U.S. 800 (1988).

cc: Jonathan Lee Riches
    Gregory Scott Bishop, Esq.
    Daniel T. Conrad, Esq.

s26